# Exhibit A

INDEX NO. 627027/2025
RECEIVED NYSCEF: 12/16/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

_____

MICHAEL SALERNO,

                   Plaintiff,

      -against-

AMAZON.COM, INC. a/k/a AMAZON.COM SERVICES,
INC. d/b/a AMAZON.COM and AMAZON
MARKETPLACE,

                   Defendant.

_____

INDEX NO.

Plaintiff designates County
as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
9 Meadow Rd.
Massapequa Park, NY
11762

**To the above named Defendants:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

     In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: East Meadow, New York
      December 16, 2025

                  **MIROTZNIK & ASSOCIATES, LLC**
                  Attorneys for Plaintiffs
                  2115 Hempstead Turnpike
                  East Meadow, New York 11554
                  (516) 794-8827

Defendant's address:
Amazon.com, Inc.
7 West 34th Street
New York, New York 10001

FILED: NASSAU COUNTY CLERK 12/16/2025 03:10 PM
NYSCEF DOC. NO. 1

FILED: NASSAU COUNTY CLERK 12/16/2025 03:10 PM

NYSCEF DOC. NO. 1

INDEX NO. 627027/2025

RECEIVED NYSCEF: 12/16/2025

410 Terry Avenue, N.
Seattle, Washington 98109

INDEX NO. 627027/2025
RECEIVED NYSCEF: 12/16/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

_____ INDEX NO.

MICHAEL SALERNO,

             Plaintiff,                      **VERIFIED COMPLAINT**

       -against-

AMAZON.COM, INC. a/k/a AMAZON.COM SERVICES,
INC. d/b/a AMAZON.COM and AMAZON
MARKETPLACE,

             Defendant.

_____

Plaintiff, by his attorneys, MIROTZNIK & ASSOCIATES, LLC, as and for his Verified

Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, at all times herein mentioned was and still is a resident of the County of

Nassau and the State of New York.

2. At all times hereinafter mentioned, defendant AMAZON.COM, INC. a/k/a

AMAZON.COM SERVICES INC. d/b/a AMAZON.COM and AMAZON MARKETPLACE

("Amazon") was and is a foreign C Corporation with its principal place of business located at

410 Terry Avenue N., Seattle, Washington 98109 with a New York City office located 7 West

34th Street, New York, New York.

3. At all times hereinafter mentioned, defendant Amazon operated an online

marketplace for consumers at: **amazon.com**, that includes listings for consumer products, as that

term is defined at Section 3(a)(5) of the Consumer Product Safety Act and 15 U.S.C.

§2052(a)(5).

4. Though the website amazon.com, defendant Amazon offers an e-commerce

marketplace in which Amazon and its users can connect with consumers via the internet,

expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales

3

FILED: NASSAU COUNTY CLERK 12/16/2025 03:10 PM
NYSCEF DOC. NO. 1

INDEX NO. 627027/2025
RECEIVED NYSCEF: 12/16/2025

channels. *Id.* at ¶8.

5. At all times hereinafter mentioned, defendant Amazon was in the business of marketing, promoting, selling, distributing, delivering and otherwise placing into the stream of commerce, "hundreds of millions of unique products," including but not limited to *Netany 2 pack 2 Liters/68 oz square Glass Pitcher with Lid and Handle for Fridge, Iced Tea and Coffee carafe Beverage Serveware, Heat Resistant Borosilicate Water Judg for Hot/Cold Drinks and Milk* in the State of New York and elsewhere (hereafter "Product") purchased by plaintiff.

6. According to Amazon's order tracking details for the Product purchased by plaintiff, the Product was allegedly sold by "Skybase International," an Amazon seller with no meaningful identification.

7. On its website defendant Amazon touts the Product and claims it is made of "thickened borosilicate glass," and "can withstand temperatures ranging from -20°C to 150°C (-4°F to 302°F)."

8. Upon information and belief, Amazon's marketing of the Product is deceptive and intentionally misleads consumers by using words and phrases such as the aforementioned in describing the Product in order to lure consumers into believing the Product is safe and without risk, which it is neither.

9. Upon information and belief, there is nothing written on the Product box or any accompanying literature or on Amazon's website to warn consumers that the Product is dangerous, unfit for the purpose intended, and can shatter easily causing injury.

10. Amazon's website tells customers to "contact the seller directly for warranty information for this product … you may also be able to find warranty information on the manufacturer's website."

11. Upon information and belief, this instruction is meaningless for the Product in question as there is no website and no manufacturer identified by anything on the Product

FILED: NASSAU COUNTY CLERK 12/16/2025 03:10 PM
NYSCEF DOC. NO. 1

packaging other than "Made in China."

12. Defendant Amazon is in the best position to be aware that products sold on their website, including the subject product at issue herein, injure consumers while Amazon profits from promoting and selling the Product.

13. Upon information and belief, despite actual knowledge that the Product was made of thin glass, incapable of maintaining its structure after experience temperature changes, defendant Amazon continued to market, sell and continued to sell and distribute the Product for profit.

14. Upon information and belief, Amazon did not perform any testing on the Product prior to marketing, promoting, selling and distributing it to plaintiff.

15. One of Amazon's strategies has been to "expand aggressively into multiple business lines" *Amazon's Antitrust Paradox*, 126 Yale L.J. 710 citing Amazon.com, Inc., Annual Report (Form 10-K) 4 (January 28, 2016)

16. On or about March 31, 2025 and prior thereto, the Product was touted to plaintiff for sale on defendant Amazon's website amazon.com

17. On or about March 31, 2025, plaintiff ordered the Product from defendant Amazon's website.

18. Plaintiff paid Amazon.com a/k/a Amazon Marketplace the sum of $33.66 using a Visa credit card to purchase the Product.

19. Plaintiff reasonably believed that he was purchasing the Product from defendant Amazon as the seller because he ordered it from their website and paid them for the Product.

20. Thereafter, Amazon delivered the Product to plaintiff.

21. On or about April 8, 2025 plaintiff used the Product in accordance with the purported packaging instructions.

22. Plaintiff followed all instructions on the Product packaging and labels.

23. After filling the pitcher and removing it from the refrigerator, it shattered in his hand,

5

causing severe and permanent injuries and emergency medical treatment including but not limited to hospitalization.

### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT

24. The *Netany glass pitchers* were defectively designed, manufactured, fabricated, tested, labeled, inspected, marketed, distributed, monitored, promoted, and sold by defendant.

25. The Product was defective and unreasonably dangerous when the defendant placed it into the stream of commerce because it was advertised to safely store liquids and instead shattered and injured the plaintiff when used as intended.

26. Despite due notice and actual knowledge of the defective Product and the imminent risk of harm said defect posed to consumers, defendant purposefully concealed said defect, refused/failed to notify consumers, failed to recall the Product and continued to market, sell and distribute the defective Product to consumers including but not limited to plaintiff.

27. Notwithstanding the foregoing due notice, defendant intentionally concealed such information, failed to provide adequate warnings or instructions concerning the product and continued to consistently market the Product as "made from thickened borosilicate glass, which can withstand temperatures ranging from -20°C to 150°C (-4°F to 302°F)"

28. The defects in the Product were a proximate cause of the damages suffered by plaintiff.

29. As a result of the defendant's negligent, willful, wanton, malicious, and reckless conduct, while using the Product as intended, plaintiff was caused to suffer severe and permanent personal injuries,

30. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

31. The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or

6

INDEX NO. 627027/2025
RECEIVED NYSCEF: 12/16/2025
FILED: NASSAU COUNTY CLERK 12/16/2025 03:10 PM
NYSCEF DOC. NO. 1

serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

### AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST DEFENDANT

32. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

33. The defendant warranted and represented, both expressly and impliedly, that the *Netany Glass Pitchers* were reasonably safe, fit for its intended purpose and reasonably foreseeable use and of merchantable quality. See, UCC §2-314 and 2-315.

34. Plaintiff relied upon the skill and judgment of the defendant and upon the aforesaid warranties and representations and expected that the Product was reasonably safe and fit for the purpose for which it was intended.

35. The defendant's representations and warranties were false and misleading and were breached because the Product was defective, hazardous, dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses, not of merchantable quality, and did not meet the expectations of consumers, including plaintiff.

36. That, in fact, the Product was not fit for the purpose for which it was intended; the Product was defective and not properly formulated; it was not properly prepared; used improper and inferior materials; was of inferior quality; was not properly inspected prior to being manufactured, or sold; failed to contain proper and adequate warnings.

37. Thus, the defendant breached their express and implied warranties.

38. The defendant's breaches were a proximate cause of the damages suffered by the plaintiff as set forth above.

39. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

40. The conduct of defendant was so willful, wanton, malicious, reckless and in such

disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

### AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST DEFENDANT

41. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

42. The defendant was reckless, careless and negligent in designing, manufacturing, assembling, testing, labeling, inspecting, marketing, distributing, monitoring, promoting, and selling the Product; in marketing and selling a Product which injured the plaintiff; in causing and failing to prevent severe the product from shattering due to temperature change to the Product; in falsely advertising the purported benefits of the Product; in failing to convey the risks of the Product that it would spontaneously shatter; in conveying false benefits of the Product to remove moles and skin tags; in deceptively and falsely advertising, promoting and stating that Product was "made from thickened borosilicate glass, which can withstand temperatures ranging from -20°C to 150°C (-4°F to 302°F)" to mislead consumers without disclosing or warning of any potential risks; in launching a force or instrument of harm; in violating all applicable statutes, rules and regulations; in failing to remove the Product from defendant's website despite actual knowledge of its dangers; in marketing and selling a defective product despite being on actual notice of its dangers; and defendant was otherwise, reckless, careless and negligent.

43. The defendant was aware of the defects and dangers caused by the Product through numerous other incidents, public message board postings, customer complaints, reports and other sources but negligently failed to take the appropriate steps to redesign or remove the Product from Amazon's website and defendant continued to market and sell the Product even after being put on notice of serious injuries resulting from use of the Product.

44. The defendant failed to warn that the Product was of inferior quality, dangerous

8

and could cause serious harm; created a dangerous condition; and failed to recall or remove the Product from its website even after receiving numerous reports of persons being injured due to the Product.

45. The defendant's negligence was a proximate cause of the damages suffered by plaintiff as set forth above.

46. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

46. The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

WHEREFORE, plaintiff demands judgment against the defendant, to recover for all of his damages, including punitive damages, all together with the costs and disbursements of this action.

Dated: East Meadow, New York
     December 16, 2025

_____
By: Stephen F. Doddato
**MIROTZNIK & ASSOCIATES, LLC**

Attorneys for Plaintiff
2115 Hempstead Turnpike
East Meadow, New York 11554
(516) 794-8827

9

FILED: NASSAU COUNTY CLERK 12/16/2025 03:10 PM
NYSCEF DOC. NO. 1

INDEX NO. 627027/2025
RECEIVED NYSCEF: 12/16/2025

INDEX NO. 627027/2025
RECEIVED NYSCEF: 12/16/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

MICHAEL SALERNO

Plaintiff(s),

-against-

AMAZON.com, INC a/k/a AMAZON.com services, INC d/b/a AMAZON.com and AMAZON Marketplace Defendant(s).

INDEX NO.

INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF NASSAU    )

Michael Salerno , being duly sworn, deposes and says:

I have read the foregoing Complaint and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

Sworn to before me this
16 day of December 2025

NOTARY PUBLIC

STEPHEN FRANK DODDATO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02DO6335725
Qualified in Nassau County
Commission Expires January 19, 20__

FILED: NASSAU COUNTY CLERK 12/16/2025 03:10 PM
NYSCEF DOC. NO. 1